IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE BOOHER, | ) | |
| Plaintiff, | ) | Civil Action Nos. 7:23-cv-00395 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| OFFICER MATA, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Timothy Wayne Booher, a Virginia inmate proceeding *pro se*, has filed this civil

rights action pursuant to 42 U.S.C. § 1983.  (Dkt. No. 1.)  This matter is before the court for

review pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the court concludes that

Booher has failed to state a claim for which relief can be granted, and his claims must be

dismissed.  Because it is possible that Booher—with additional factual matter—may be able to

state a claim that he was subjected to unconstitutional conditions of confinement, the court will

give Booher the opportunity to file an amended complaint within thirty days asserting only that

claim, should he so choose.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a

"complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court,

in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or

fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are

given a liberal construction and held to a less stringent standard than formal pleadings drafted by

lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not

mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a

claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Booher's complaint, the court concludes that does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Booher alleges that he was sexually harassed by the named defendant, Officer Mata. Booher claims that Mata winked at him, opened his cell door and said "mmm," and asked Booher to show him his penis. (*See* Compl. at 6.) Booher's complaint also lists an unknown individual as an additional defendant. (*Id.* at 2.)

The Eighth Amendment's prohibition of cruel and unusual punishment "applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). The Fourth Circuit has made clear that "[o]nly extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). In particular, "a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions" or "demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* And to satisfy the subjective component, a prisoner must show that a prison official actually "knew of and disregarded an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 835, 837 (1994).

Booher does not allege that he was touched or physically assaulted by Officer Mata. "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow

inmates or prison guards, the Eighth Amendment's protections [against cruel and unusual punishment] do not necessarily extend to mere verbal sexual harassment." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016).  Circuit courts have "consistently" held that "sexual harassment, absent contact or touching, does not satisfy the objective requirement" for an Eighth Amendment claim because "such conduct does not constitute the unnecessary and wanton infliction of pain." *Wilder v. Payne*, Civil Action No. 2:14-CV-24, 2014 WL 6772265, at *7 (N.D.W. Va. Dec. 1, 2014) (collecting cases).  And some cases have held that "even minor, isolated instances of sexual touching combined with offensive sexual remarks do not rise to the level of an Eighth Amendment violation." *Id.* (collecting cases).

Where, as here, the alleged sexual harassment does not involve physical contact, the alleged misconduct must be severe to implicate constitutional protections.  *Jackson*, 666 F. App'x at 244; *Bishop v. Lambert*, Case No. 7:22CV00614, 2023 WL 1466621, at *2 (W.D. Va. Feb. 2, 2023).  Booher's allegations do not describe conduct that is severe enough to be considered an Eighth Amendment violation.  *See Bishop*, 2023 WL 1466621, at *3 (allegation that defendant watched plaintiff urinate and used profanity about it "does not reach the required level of objective severity to make out an Eighth Amendment claim"); *Kokinda v. Penn. Dep't of Corr.*, No. 2:16-CV-1580-MRH-CRE, 2017 WL 3912350, at *1 (W.D. Pa. Sept. 5, 2017) (allegations that defendant displayed a "latent sexual interest" for plaintiff and stared at plaintiff's groin area many times "for an uncomfortable duration" while plaintiff was in his boxers in his cell described "incidents when accepted as true, that do not state the requisite level of severity to make out an Eighth Amendment claim").[1]

---

[1] Booher's complaint also references alleged violations of the Prison Rape Elimination Act (PREA). However, there is no private cause of action for PREA violations. *See Powell v. Temple*, 1:22cv302, 2022 WL 2306762, at *2 (E.D. Va. June 27, 2022).

For the foregoing reasons, the court will summarily dismiss Booher's complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.  In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim that he was subjected to conditions of confinement that violate the Eighth Amendment, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint asserting only that claim, if he so chooses.

An appropriate order will be entered.

Entered: October 25, 2023.


/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

4